UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARC KEATING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-10557** |
| **NORTH OAKS MEDICAL CENTER** <br> **LOUISIANA DEPT. OF HEALTH AND** <br> **HOSPITALS** | **SECTION "T"** |

### ORDER AND REASONS

Before the Court is the Plaintiff's Motion for Reconsideration of the Court's Order of May 17, 2007, [Rec. Doc. No. 52] Granting North Oaks Medical Center's ("North Oaks") 12(b)(6) motion to dismiss. [Rec. Doc. No. 42]. This motion was granted by Judge Feldman (Section "F"), and the case has since been transferred to Section "T". The Court, having heard the arguments of the parties, and having studied the legal memoranda, the record, and the applicable law, is fully advised on the premises and ready to rule.

### I.   BACKGROUND

The plaintiff, Marc Keating, alleges that while a patient at North Oaks in November of 2005, an HIV test was performed on a sample of his blood. The plaintiff claims that he did not give his consent to this test and brought claims for breach of privacy, breach of contract, and medical malpractice.

The defendant filed a motion to dismiss on the grounds that the plaintiff's claim was for medical malpractice and according to Louisiana law, he was required to go before a medical malpractice panel before this Court could exercises jurisdiction. The plaintiff did not file an opposition to the motion to dismiss by the required deadline of eight days prior to the date of

hearing or May 15, 2007.  Judge Feldman granted the defendant's motion to dismiss the cause of action because the plaintiff did not file an opposition and because he found that the defendant's motion to dismiss was meritorious.

## II.     LAW ON MOTION TO RECONSIDER

The Federal Rules of Civil Procedure provide that any party may file a motion to alter or amend a judgment within ten business days after its entry.  See FED. R. CIV. P. 59.   Under Rule 59, a district court enjoys considerable discretion in granting or denying such a motion. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990); First Commonweatlh Corp. v. Hibernia Nat. Bank of New Orleans, 891 F.Supp. 290 (E.D.La. 1995), amended 896 F.Supp. 634, aff'd 85 F.3d 622.  There are certain grounds upon which a Court may grant a Rule 59 motion for reconsideration or to alter or amend the judgment.  These grounds include the following:  (1) an intervening change in the controlling law has occurred, (2) evidence not previously available becomes available, or (3) it is necessary to correct clear error of law or to prevent manifest injustice.  Database America, Inc. v. Bellsouth Advertising & Pub. Corp.  825 F.Supp. 1216 (D.N.J. 1993).  It is important to note that reconsideration is an "extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment."  Lafargue v. Jefferson Parish, No. 98-3185, 2000 WL 174899, *1 (E.D. L.A. Feb. 11, 2000).

## III.    ANALYSIS

The plaintiff's primary argument in support of his Motion for Reconsideration is that contrary to the defendant's assertions, he did not receive notice of the motion.  However, this

argument is undermined by the fact that the defendant has produced an official notice of electronic filing from this Court which expressly states that "Notice has been delivered by other means" to the plaintiff. [Rec. Doc. No. 56-2].  The plaintiff's next argument addresses the merits of the motion to dismiss.  Plaintiff argues that his case is not one of medical malpractice but rather is about an invasion of his privacy.  He also argues that if part of his complaint could be characterized as malpractice, then only that portion should be dismissed.

     According to LA-R.S. 40:1299.41(A)(9), malpractice includes "...all legal responsibility of a health care provider arising from acts or omissions during the procurement of blood or blood components." Id.  Furthermore, LA-R.S. 40: 1299.47 states that <u>no action may be filed in any court</u> until the medical malpractice panel procedure has been conducted and completed. Id. Defendant argues that the entirety of the plaintiff's claim is within the scope of the medical malpractice statute and therefore, the claim is premature because the plaintiff had yet to go before the panel.

     Plaintiff has not successfully pled any of the requirements necessary under F.R.C.P. 59(e).  There has not been a change in the controlling law and no evidence has become available which was previously unavailable.  At best, the plaintiff has argued that granting the motion for reconsideration is necessary to correct a clear error of law or to prevent manifest injustice. However, there was no clear error of law in Judge Feldman's determination that the defendant's motion was meritorious.  The cause of action did arise out of the procurement of the plaintiff's blood which is within the ambit of the medical malpractice statute and therefore requires the review of a medical malpractice panel before the Court has jurisdiction.  Furthermore, the argument that the ruling was unjust because the plaintiff had not received a copy of the motion is

unsubstantiated because Court documents indicate otherwise.

Accordingly,

**IT IS ORDERED** that the Plaintiffs' Motion for Reconsideration be, and the same is hereby **DENIED.**

New Orleans, Louisiana, this 26th day of July, 2007.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**